

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. WR-51,110-02 and WR-51,110-03

### EX PARTE LARRY HATTEN

## ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS
## IN CAUSE NO. 95-CR-3244-H IN THE 347ᵀᴴ JUDICIAL DISTRICT COURT
## NUECES COUNTY

*Per curiam*.  KELLER, P.J., dissents.

## O R D E R

In February 1996, a jury found applicant guilty of the offense of capital murder.  The

jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure

Article 37.071, and the trial court, accordingly, set applicant's punishment at death.  An

initial writ application was filed in the trial court on December 31, 1997.  On direct appeal,

this Court affirmed applicant's conviction but reversed the death sentence.  *Hatten v. State*,

No. AP-72,302 (Tex. Crim. App. Apr. 29, 1998)(not designated for publication).  The trial

court never acted on the writ application, and it was never properly forwarded to this Court.

In December 1998, a new jury again answered the punishment questions in such a way that the trial court sentenced applicant to death. This sentence was affirmed on direct appeal, and applicant was denied relief on the new habeas application filed pursuant to this new sentence. *Hatten v. State*, No. AP-72,302 (Tex. Crim. App. June 20, 2001)(not designated for publication) and *Ex parte Hatten*, No. WR-51,110-01 (Tex. Crim. App. Jan. 9, 2002)(not designated for publication).

On August 18, 2003, this Court received a document entitled the "State's Motion to Dismiss Original Application as Moot." In the motion, the State argued that the reversal of the death sentence on appeal rendered the entire 1997 application moot. The State reasoned that, absent a present death sentence, the Court had no jurisdiction to entertain an Article 11.071 writ. It was also the State's position that, if applicant wanted to carry the guilt/innocence claims into the second initial application, then he could and should have done so, and the failure to carry them over was his decision. This Court granted the State's motion without order on the same day it was received, the writ application was dismissed, and general counsel sent a letter memorializing the Court's ruling. On October 13, 2003, this Court received a "State's Motion to Enter Written Order." The Court denied the motion without order on October 20, 2003.

Having reconsidered our ruling on the motion to dismiss and the subsequent dismissal of the 1997 writ application, this Court on its own motion now reinstates that writ application and remands it to the trial court to comply with the dictates of Article 11.071 at least as it

pertains to allegations affecting the guilt portion of applicant's trial. Applicant's execution is stayed pending the resolution of the claims in applicant's initial writ application. The trial court shall resolve the claims raised in the application and return the case to this Court within 180 days from the date of this order.

We also note that a document entitled a "First Supplement" to the writ application was filed in the trial court on February 10, 1998. Because this document was filed after an initial writ application was filed and after the statutory due date for that application had passed, the trial court should have declared this document to be a subsequent writ application and forwarded it to this Court for review under Article 11.071 § 5. After reviewing this document, we find that it does not meet the dictates of Article 11.071 § 5, and we dismiss it as an abuse of the writ without reviewing the merits of the claim raised.

IT IS SO ORDERED THIS THE 13th DAY OF OCTOBER, 2014.

Do Not Publish